IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Maurice A. Byrd | : | CIVIL ACTION NO. |
| Plaintiff | : | |
| v. | : | |
| City of Philadelphia, | : | |
| Philadelphia Industrial Correctional Facility, | : | |
| Albert D'Attilio, Delicsha Brown and Steve Liller | : | |
| Defendants | : | |

## COMPLAINT AND JURY TRIAL DEMAND

**I.      INTRODUCTION**

1. Plaintiff brings this action for monetary damages, and other appropriate relief to redress the intentional violations of his civil rights, pursuant to 42 U.S.C. §§1981, 1983 and 2000e-1 et seq. (Title VII), secured under the Constitution and laws of the United States, and comparative provisions of the laws of the Commonwealth of Pennsylvania, against the individual defendants in their individual capacities, the City of Philadelphia, and Philadelphia Industrial Correctional Facility, collectively referred to as Defendants.

2. Plaintiff's action arise under the Civil Rights Acts of 1871, as amended, 42 U.S.C. §§ 1981, 1983 and Fourteenth Amendments to the Constitution of the United States, for claims of race discrimination and retaliation, and unequal protection under the law.  At all times material to this action Defendants were acting under color of state law.   Plaintiff's action also arises under Title VII and the Pennsylvania Human Relations Act for claims of race and gender discrimination for denial of promotion and constructive termination.

## II. JURISDICTION

3. Federal court jurisdiction is proper pursuant to 28 U.S.C. § 1331 and § 1343. The Court also has supplemental jurisdiction over Plaintiff's state law claims. Also, Plaintiff has exhausted his administrative remedies with regards to his Title VII and PHRA claims. It has been over one year since Plaintiff dual filed his administrative complaint with the PHRC and EEOC. On or about March 26, 2012, the PHRC issued a Finding of Probable Cause against Defendants (see Exhibit A attached hereto) and on June 27, 2012, the United States Department of Justice, Civil Rights Division, issued Plaintiff his right to sue letter to pursue his claims in court. See Exhibit B attached hereto.

## III. VENUE

4. Venue is proper pursuant to 28 U.S.C. § 1391, as the incidents alleged herein occurred within the Eastern District of Pennsylvania.

## IV. PARTIES

5. Plaintiff, Maurice A. Byrd, is an adult citizen of the United States, who resides in the City of Philadelphia. Plaintiff is an adult African-American male.

6. Defendant City of Philadelphia, is a political subdivision of the Commonwealth of Pennsylvania, with its offices located at City Hall, Philadelphia, and it owns and operates a prison located at Philadelphia Industrial Correctional Facility, 8301 State Road Philadelphia, PA 19136. At all material times relevant to this action, **Defendants City of Philadelphia and Philadelphia Industrial Correctional Facility** were Plaintiff's employers as defined under the applicable statutes.

7. Defendant Albert D'Attilio, upon information and belief is a resident of the City of Philadelphia, is the City's Director of Human Resources, and is Caucasian.

8. Defendant Steven Liller, upon information and belief is a resident of the City of Philadelphia, is the City's Human Resources Associate, and is Caucasian.

9. Defendant Delicsha Brown, upon information and belief is a resident of the City of Philadelphia, is the Prison's Human Resources Manager and she is a female.

## V.     BRIEF STATEMENT OF THE FACTS

10. On or about August 26, 1991, Plaintiff was hired by Defendant City of Philadelphia as a Correctional Officer.

11. On or around July 1, 1996, Plaintiff was promoted to the position of Correctional Sergeant.

12. In July 2008 Plaintiff applied for a promotion to the position of Correctional Lieutenant.

13. As part of the application process for the Correctional Lieutenant, Plaintiff took the required examination.

14. Based on the score Plaintiff received on the Correctional Lieutenant examination, Plaintiff was ranked 26 out of 54 applicants by Defendants.

15. Thereafter, Plaintiff was placed on the City of Philadelphia Correctional Lieutenant Eligible list, which list was valid from July 9, 2008 until July 9, 2010.

16. Between July 9, 2008 and July 9, 2010 of the 25 applicants for the Correctional Lieutenant position who scored higher than Plaintiff on the required examination, 22 were offered the position and accepted the position. For the other three applicants one

was offered the position and declined and the status of the other two applicants is unknown.

17. Of the 22 applicants who scored higher than Plaintiff on Correctional Lieutenant examination and received the promotion, all of those applicants were offered the promotion in the order in which they were ranked on the City of Philadelphia Correctional Lieutenant Eligible List.

18. Between July 9, 2008 and July 9, 2010 **four applicants who scored less than Plaintiff on the required examination for Correctional Lieutenant** were offered the position and accepted the position. All four of those applicants were females, including Kita Boness, ranked 28, Tammy Swinton, ranked 29, Sylvia Canada, ranked 30, and Darnise Harris, ranked 31. All four of those applicants were promoted to the position of Correctional Lieutenant on or about July 8, 2010. All four of the applicants were offered the promotion in the order in which they ranked on City Philadelphia Correctional Lieutenant Eligible List.

19. Out of the 26 applicants who accepted the Correctional Lieutenant position two were Caucasian males **with significant disciplinary histories.**

20. James Hamilton, a Caucasian male released the wrong inmate from prison on or about October 26, 2007. As a result of that incident and based on his prior disciplinary record, Mr. Hamilton received a 15 day suspension in February and March 2008.

21. On or about July 30, 2007, Mr. Hamilton received an official reprimand for failing to report an inmate missing from headcount for twenty four hours. The inmate was later found as he was attempting to escape from prison.

22. Yet, Mr. Hamilton was ranked 7 on the City of Philadelphia Correctional Lieutenant Eligible List and was promoted to the position of Correctional Lieutenant on or about October 14, 2008.

23. Robert Segal, a Caucasian male, was arrested by the Philadelphia Police Department in 2004 and charged with possession of an instrument of crime, simple assault, aggravated assaulted recklessly endangering another person. As a result of the conduct Mr. Segal engaged in which led to his arrest Mr. Segal received a 30-day suspension. Specifically, while Mr. Segal was driving his personal automobile, he pointed his gun at another driver on the road.

24. In or about July 2002, a City of Philadelphia employee filed allegations of sexual harassment against Mr. Segal. Mr., Segal interfered with Defendant's investigation of those allegations and as a result, received disciplinary action.

25. In or about May 2006 another employee filed allegations of sexual harassment against Mr. Segal. Those allegations were substantiated by Defendants.

26. In or about October 2006 another employee filed allegations of sexual harassment against Mr. Segal. As of January 5, 2008 those allegations were still being investigated by Defendants.

27. In or about 2006 Defendants began investigating an incident in which Mr. Segal used excessive force. As of January 5, 2008 that incident was also still under investigation by Defendants.

28. On or about September 4, 2008 Mr. Segal attended the interview for the Correctional Lieutenant position. Of the three interviewers, two determined that Mr., Segal was unacceptable for the position of Correctional Lieutenant and one determined that it was

questionable as to whether Mr. Segal was acceptable for the position of Correctional Lieutenant. Those determinations were made based on Mr. Segal's disciplinary history and the recent allegations against him which were not part of the file provided to the interviewers.

29. Yet, Mr. Segal was ranked 6 on the City of Philadelphia Correctional Lieutenant Eligible List by Defendants and was promoted to the position of Correctional Lieutenant on or about October 14, 2008.

30. Plaintiff, an African American male, received a 5 day suspension in September 2009 because he failed to tour his area of assignment on July 15, 2009. As a result of Plaintiff's failure to tour his assigned area, an inmate was assaulted in his cell by cellmate and was not discovered until the following shift.

31. On or about September 23, 2009, Plaintiff received his yearly performance review which explained that his attendance meets departmental standards. Plaintiff was rated overall satisfactory.

32. On or about September 19, 2008, Plaintiff received his yearly performance review which explained that his sick time usage meets departmental standards. Plaintiff was rated overall satisfactory.

33. On or about November 16, 2009 Plaintiff attended the interview for the Correctional Lieutenant position. One interviewer determined that Plaintiff was acceptable for the position. One interviewer determined that Plaintiff was questionable for the position because of his alleged "poor attendance". One interviewer determined that Plaintiff was either acceptable or questionable for the position because of his "sick leave usage" but

noted that Plaintiff had a plausible reason for the usage, a legitimate medical condition, which Plaintiff asserts was protected under the FMLA.

34. On or about July 7, 2010 Steven Liller notified Delicsha Brown, Defendant's Human Resourses Manager that Defendants wanted Plaintiff removed from the City of Philadelphia Correctional Lieutenant Eligible List because of Plaintiff's 5 day suspension in September 2009.

35. On or about July 7, 2010, Ms. Brown noticed Albert D'Attilio Defendant's Director of Human Resources, of Defendant's desire to have Plaintiff removed from the City of Philadelphia Correctional Lieutenant Eligible list.

36. On or about July 8, 2010 Mr. D'Attilio approved Complainant's removal from City of Philadelphia Eligible.

37. Defendants Liller, Brown and D'Attilio had the duty and responsibility to ensure that Plaintiff was been treated equally regarding his rights to promotion as compared to Caucasians and female employees.

38. On or about July 8, 2010 Ms. Brown notified other City of Philadelphia personnel regarding Plaintiff's removal from City of Philadelphia Eligible List and explained that Defendants would be getting additional names as a result of the removal.

39. On July 9, 2010 Plaintiff received a letter from Defendants explaining that his name was removed from the city of Philadelphia Correctional Lieutenant Eligible List because his previous work performance was unsatisfactory.  Prior to receiving this letter Plaintiff had no notice from Defendant that he was being removed from the list or that Defendant was even considering removing him from the list.

40. On or about August 9, 2010 Plaintiff received a letter from Defendants explaining that his name was removed from the City of Philadelphia Correctional Lieutenant eligible list because of 5 day suspension in September 2009 for failure to efficiently perform his duties and for failure to assist in maintaining good order of the institution.

41. Michael Brown an African American male received a five day suspension in July 2008 as a result of an incident that occurred in October 2007. Specifically, during Defendants' investigation of an allegation that another officer used excessive force on an inmate, Defendants determined that Mr. Brown provided inaccurate information regarding his actions after alleged use of excessive force. Defendant determined that Mr. Brown failed in the efficient performance of duties and in ensuring the safety and security of the institution and the health, safety or welfare of inmate or staff.

42. On May 7, 2008 Mr. Brown received a temporary promotion to the position of Correctional Lieutenant. But on or about November 5, 2008, Mr. Brown was reinstated to the position of Correctional Sergeant.

43. On or about June 16, 2010 Mr. Brown received a temporary promotion to the position of Correctional Lieutenant. All three of the interviews determined that Mr. Brown was acceptable for the promotion to correctional Lieutenant.

44. Mr. Brown is ranked 27 on the City of Philadelphia Correctional Lieutenant Eligible list.

45. However, Mr. Brown was removed from the City of Philadelphia Correctional Lieutenant Eligible list in or around July 9, 2010 by Defendants.

46. Plaintiff and Mr. Brown were the only two individuals, both African American males, removed from City of Philadelphia Correctional Lieutenant Eligible List by Defendants which was in effect from July 9, 2008 to July 9, 2010.

47. Defendants denied Plaintiff the position of Correctional Lieutenant on August 5, 2010.

48. Plaintiff was first passed over for Lieutenant in 2005 and he was never given a reason for being passed over. Defendants and Plaintiff agreed to use an Arbitrator to investigate the matter and determine the findings. The Arbitrator concluded that the Defendants abused their discretionary rights and ordered that the City should make Plaintiff whole by promoting him to the denied position. To this date the City has failed to comply with the Arbitrators' decision, after an arbitration hearing where Defendants' were found to have unjustifiably denied Plaintiff the position of Correctional Lieutenant and ordered to promote Plaintiff.

49. Plaintiff complained to Defendant that Defendant was subjecting him to discriminatory failure to promote.

50. On August 5, 2010, Defendants subjected Plaintiff to yet another discriminatory and retaliatory failure to promote to the position of Correctional Lieutenant.

51. On or about August 25, 2010, Plaintiff filed his complaint of race and gender discrimination against Defendants with the PHRC.

52. On or about May 2, 2011, Defendants constructively terminated Plaintiff's employment because of his race and gender and in retaliation for complaining about race and gender discrimination.

VI.     STATEMENT OF CLAIMS

**COUNT ONE - TITLE VII VIOLATION - RACE AND GENDER DISCRIMINATION**

**PLAINTIFF V. DEFENDANTS, CITY OF PHILADELPHIA AND PHILADELPHIA INDUSTRIAL CORRECTIONAL FACILITY**

53. Plaintiff repeats and incorporates by reference the allegations in paragraphs 1 through 52 as though fully set forth herein.

54. The acts and conduct of the Defendants as stated above where Plaintiff was subjected to differential treatment because of his race and gender are violations of the Civil Rights Act, 42 U.S.C. §2000e-1 et seq.

55. As a direct result of the said race and or gender discriminatory practices of the Defendants, Plaintiff has sustained loss of wages and earnings, loss of benefits, loss of future earning power, loss of back pay, front pay, interest due therein as well as mental anguish, emotional distress, humiliation, and damages to reputation.

**COUNT TWO- SECTION 1981 VIOLATION- RACE DISCRIMINATION AND RETALIATION**

**PLAINTIFF V. ALL INDIVIDUAL DEFENDANTS**

56. Plaintiff repeats and incorporates by reference the allegations in paragraphs 1 through 55 as though fully set forth herein.

57. The acts and conduct of the Defendants as stated above where Plaintiff was subjected to differential treatment because of his race and retaliation for complaining about race discrimination are violations of the Civil Rights Act, 42 U.S.C. 1981.

58. The acts and conduct of the Defendants as stated above where Plaintiff was subjected to adverse actions by Defendants after complaining and or opposing race discrimination by Defendants were violations of the Civil Rights Act, 42 U.S.C. §1981.

59. As a direct result of the said race discriminatory and retaliatory practices of the Defendants, Plaintiff has sustained loss of wages and earnings, loss of benefits, loss of future earning power, loss of back pay, front pay, interest due therein as well as mental anguish, emotional distress, humiliation, and damages to reputation.

## COUNT THREE – SECTION 1983 VIOLATION
## PLAIINTIFF V. ALL DEFENDANTS

60. Plaintiff incorporates by reference all allegations alleged in paragraphs 1 through 59 as if same were fully set forth at length herein.

61. Plaintiff exercised his Constitutional rights under the First Amendment of the United States Constitution by opposing Defendants' unlawful discriminatory conducts, and complaining to the PHRC and EEOC about the Defendants' unlawful discriminatory conducts.

62. Subsequent to Plaintiff engaging in this protected activities under the United States Constitution, Plaintiff was subjected to retaliatory constructive discharge of his employment on May 2, 2011 by Defendants for engaging in protected activities under the Constitution.

63. Defendants also violated Plaintiff's Fourteenth Amendment rights by violating Plaintiff's rights under the Equal Protection Clause when Defendants denied Plaintiff the promotion

to the position of Correctional Lieutenant on August 5, 2010 because of his race and gender.

64. Defendants City of Philadelphia and the Prison violated Plaintiff's civil rights under the Civil Rights Act, 42 U.S.C. 1981, by discriminating against Plaintiff because of his race under color of state law.

65. By failing to properly train discipline and supervise its officers, the City displayed deliberate indifference to the rights of Plaintiff to be free from discriminatory action and retaliation for exercising his First Amendment rights causing Plaintiff unlawful loss of property.

66. The City acquiesced in the unlawful and discriminatory conducts of its officials in its Human Resources Department.

67. As a result of the actions and omissions of the Defendants aforesaid, causing the unlawful taking of Plaintiff's wages and denial of promotion, and subjecting Plaintiff to retaliatory termination of his employment, Plaintiff has lost money and suffered emotional pain and suffering.

68. Defendants violated Plaintiff's Fourth and Fourteenth Amendment rights by directing, participating in, and /or condoning the unlawful actions against Plaintiff.

69. The acts and conducts of the Defendants as stated above where Plaintiff was subjected to adverse employment action after complaining and or opposing race discrimination by Defendants are violations of the Civil Rights Act 42 U.S. C. Section 1983.

70. As a direct result of said violation of the Civil Rights Act, Plaintiff has sustained loss of wages and future earnings, loss of benefits, loss of future earning power, loss of back

pay, front pay, interest due therein as well as mental anguish, emotional distress, humiliation, and damages to reputation.

71. Defendants are therefore liable to Plaintiff pursuant to 42 U.S.C. §1983.

## COUNT FOUR-PHRA VIOLATION AGAINST ALL DEFENDANTS

72. Plaintiff repeats and incorporates by reference the allegations in paragraphs 1 through 71 as though fully set forth herein.

73. The acts and conduct of the Defendants as stated above where Plaintiff was subjected to differential treatment because of his race and gender are violation of the Pennsylvania Human Relations Act.

74. As a direct result of the said race and gender discriminatory practices of the Defendants, Plaintiff has sustained loss of wages and earnings, loss of benefits, loss of future earning power, loss of back pay, front pay, interest due therein as well as mental anguish, emotional distress, humiliation, and damages to reputation.

## VI. PRAYER FOR RELIEF

WHEREFORE Plaintiff respectfully requests this Honorable Court grant the following relief:

A. Award to Plaintiff damages and compensatory relief for the unlawful acts of Defendants, including but not limited to loss wages and benefits, compensatory damages for emotional pain and suffering, punitive damages against the individual Defendants in their individual capacities, and all damages permitted by law under the applicable statutes against all Defendants.

    B.    Grant Plaintiff reasonable attorneys' fees, expert fees and costs, and disbursements; and

    C.    Such other and further damages and equitable relief as this court may deem just and proper, including an order to make whole and promote Plaintiff to the position of Correctional Lieutenant, pursuant to the applicable statutes.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury on all factual issues in this matter.

Respectfully submitted,

/s/ Olugbenga O. Abiona

Dated: July 26, 2012

Olugbenga O. Abiona, Esquire
Attorney ID # 57026
1433 South 4th Street
Philadelphia, PA 19147
(215)625-0330
Attorney for Plaintiff